IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                     No. CR 20-1619 JB

CYNTHIA MONTELONGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report and Sentencing Memorandum, filed June 1, 2021 (Doc. 50)("Objections"). The primary issues are: (i) whether the Court can apply a 2-level sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(1)(A), because Defendant Cynthia Montelongo possessed more than two firearms; (ii) whether U.S.S.G. § 2K2.1(b)(4)(A)'s 2-level enhancement applies, because the Montelongo possessed a stolen firearm; and (iii) whether the Court can apply a 4-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B), because Montelongo possessed a firearm in connection with another felony offense. The Court concludes that: (i) U.S.S.G. § 2K2.1(b)(1)(A)'s 2-level enhancement applies, because Montelongo was living in the residence where the firearms were found and stated that she knew there was a gun in the residence; (ii) U.S.S.G. § 2K2.1(b)(4)(A)'s 2-level enhancement applies for the same reasons, namely, because Montelongo was living in the residence where the firearms were found -- one of which was stolen -- and stated that she knew there was a gun in the residence; and (iii) U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement does not apply, because Montelongo's firearm possession was not "in connection with" her possession of methamphetamine. The Court, therefore, overrules the two enumerated objections in Objections, but sustains the Objections' unenumerated objection.

**FINDINGS OF FACT**

The Court takes its facts from the Presentence Investigation Report, filed May 13, 2021 (Doc. 48)("PSR"), and the Objections. The Court makes its findings of fact by a preponderance of the evidence. See United States v. Williams, No. CR. 17-2556 JB, 2020 WL 4016108, at *6 (D.N.M. July 16, 2020)(Browning, J.)(citing United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008)). Accord United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008). The court may rely upon reliable hearsay if the evidence meets the preponderance-of-the-evidence standard. See United States v. Banda, 168 F. App'x 284, 289 (10th Cir. 2006)("[T]here is no prohibition on considering hearsay testimony at sentencing, provided it bears indicia of reliability.").[1] The evidence and information upon which the Court relies must have sufficient indicia of reliability. See U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").

---

[1] United States v. Banda is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent. . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Banda, United States v. Hendrickson, 592 F. App'x. 699 (10th Cir. 2014), and United States v. Beierle, 716 F. App'x 782 (10th Cir. 2017), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

1. On July 9, 2020, Homeland Security Investigations ("HSI") agents executed a federal search warrant on Montelongo's home in Albuquerque, New Mexico. PSR ¶ 12, at 4.

2. HSI agents found four firearms in the bedroom closet: (i) a Beretta APX .40 caliber handgun with magazine, serial number A003588Y; (ii) a Desert Eagle .45 caliber revolver, serial number SS102835; (iii) a Taurus Judge .45 caliber revolver, serial number KN183089; and (iv) a Taurus Ultra-Light .38 caliber revolver, serial number KN85052. See PSR ¶ 12, at 4.

3. The Taurus Ultra-Light revolver had been reported stolen. See PSR ¶ 13, at 4.

4. HSI agents found 2.872 grams (actual) of methamphetamine above the dryer in the laundry room. See PSR ¶ 12, at 4.

5. HSI agents found photographs of Montelongo and her boyfriend, Edgar Jimenez, "in multiple rooms, including the bedroom." PSR ¶ 14, at 5.

6. In the bedroom, HSI agents found clothing that they believed to belong to men and clothing that they believed belonged to women. See PSR ¶ 14 and 5.

7. Montelongo was at the house when HSI agents executed the search warrant, and she agreed to speak with the agents. See PSR ¶ 15, at 5.

8. Montelongo told HSI agents that she had been living at the residence "for two weeks and that she knew there was a gun inside the residence." PSR ¶ 15, at 5.

9. Montelongo said that her belongings were in the bedroom, but that she typically sleeps in the living room. See PSR ¶ 15, at 5.

10. Alicia Ramirez, Montelongo's mother, however, arrived at the residence, and told HSI agents that "Montelongo resides at the residence and has done so for years." PSR ¶ 15, at 5.

11. While HSI agents were searching the residence, a man arrived, and told the agents that he was there to pick up a small amount of methamphetamine from Montelongo. See PSR ¶

16, at 5.

12. The man told HSI agents that Montelongo previously had shown him "multiple firearms, specifically, an all-black firearm and a black and gray firearm" that "looked like '.45's.'" PSR ¶ 16, at 5.

13. Both the Taurus Judge .45 and the Taurus Ultra-Light found in the bedroom closet are all black, and the Taurus Judge is .45 caliber. See PSR ¶ 16, at 5.

14. Because Montelongo had previously been convicted of a felony, she was charged with and pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. See PSR ¶ 2, at 3. See also Plea Agreement ¶¶ 3, 6, 11 at 2, 3-5, filed March 9, 2021 (Doc. 45).

## RELEVANT LAW REGARDING THE GUIDELINES

To establish possession under § 2K2.1(b)(1)(A), the United States "must show the defendant actually or constructively possessed the guns." United States v. Gambino-Zavala, 539 F.3d 1221, 1229 (10th Cir. 2008). Active possession entails a "close connection linking the individual defendant, the weapon and the offense." United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004). By contrast, constructive possession "exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object." United States v. Little, 829 F.3d 1177, 1182 (10th Cir. 2016).[2] See

---

[2] In United States v. Little, the United States Court of Appeals for the Tenth Circuit explained that the Supreme Court of the United States' opinion in Henderson v. United States, 575 U.S. 622 (2015), "changed the law of constructive possession in our circuit." In Henderson v. United States, the Supreme Court "squarely held that constructive possession requires both power to control an object and intent to exercise that control." United States v. Little, 829 F.3d at 1182 (citing Henderson v. United States, 575 U.S. at 626). In United States v. Little, therefore, the Tenth Circuit overruled its earlier holding in United States v. Colonna, 360 F.3d 1169 (10th Cir. 2004), which held that, for purposes of constructive possession, "[i]t is not necessary to show that the defendant intended to exercise . . . dominion or control." United States v. Colonna, 360 F.3d

Henderson v. United States, 575 U.S. 622, 626 (2015)("Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object."). See also United States v. Beierle, 716 F. App'x 782, 790 (10th Cir. 2017)(applying United States v. Little's constructive-possession analysis of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) to U.S.S.G. § 2K2.1(b)(1)(A)). Moreover, § 2K2.1(b)(4)(A) applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, cmt. n.8(B). The United States need prove these factors to the sentencing judge by only a preponderance of the evidence. See Alleyne v. United States, 570 U.S. 99 (2013); United States v. Hendrickson, 592 F. App'x. 699, 705 (10th Cir. 2014)("It is well-established that sentencing factors need not be charged in an indictment and need only be proved to the sentencing judge by a preponderance of the evidence.").

Section 2K2.1(b)(6)(B) provides for a 4-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "[A]nother felony offense" "means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. 14(C). See United States v. Gross, No. CR 16-0454 JB, 2016 WL 9021829, at *15 (D.N.M. Dec. 16, 2016)(Browning, J.)("An enhancement under § 2K2.1(b)(6) may be applied even though the felony in connection with which the firearm is possessed was not an offense for

---

at 1179. See United States v. Little, 829 F.3d at 1182.

which the defendant was convicted." (citing United States v. Gambino-Zavala, 539 F.3d 1221, 1230 n.3 (10th Cir. 2008))). Application note 14(A) to U.S.S.G. § 2K2.1 specifies that the use or possession is "in connection with" another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. 14(A). The United States Court of Appeals for the Tenth Circuit has explained: "The plain and commonly understood meaning of 'facilitate' is to make easier." United States v. Marrufo, 661 F.3d 1204, 1207 (10th Cir. 2011). See United States v. Serna, 405 F. Supp. 3d 1107, 1110 (D.N.M. 2019)(Browning, J.).

An enhancement under U.S.S.G. § 2K2.1(b)(6) may be applied even though the felony in connection with which the firearm is possessed was not an offense for which the defendant was convicted. See United States v. Gambino-Zavala, 539 F.3d at 1230 n. 3. In United States v. Magallanez, 408 F.3d 672 (10th Cir. 2005), the Tenth Circuit held that, even after United States v. Booker, 543 U.S. 220 (2005), as long as the guidelines are considered advisory, facts relevant to sentencing still need be proved only by a preponderance of the evidence. See United States v. Magallanez, 408 F.3d at 684-85. See also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005)("[United States v.]Booker therefore does not render judicial factfinding by a preponderance of the evidence per se unconstitutional.").

U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement has four distinct elements, and "[t]he United States must prove that the defendant: (i) used or possessed; (ii) any firearm or ammunition; (iii) in connection with; (iv) another felony offense." United States v. Kepler, No. CR. 11-1946 JB, 2012 WL 592422, at *5 (D.N.M. Feb. 14, 2012)(Browning, J.)(citing U.S.S.G. § 2K2.1(b)(6)). In United States v. Kepler, the United States and the defendant stipulated that § 2K2.1(b)(6)'s 4-level enhancement did not apply, and the Court accepted the stipulation, because there was a

lack of evidence regarding whether the defendant or some other occupant in the house owned the locked box that contained methamphetamine and a handgun. See United States v. Kepler, 2012 WL 592422, at *6.  The Court explained:

> Given that the Court has no ability to gather or present evidence to support a sentencing enhancement, the Court is dependent in many ways on the United States to assess the strength of its arguments and evaluate whether it can prove that a particular enhancement applies. While it is possible that the methamphetamine is attributable to [the defendant], the evidence before the Court does not support a factual finding to that effect by a preponderance of the evidence. Without proof that [the defendant] committed another felony offense, the United States cannot establish that an enhancement under U.S.S.G. § 2K2.1(b)(6) applies.

United States v. Kepler, 2012 WL 592422, at *6.  See United States v Pacheco, No. CR 13-2643 JB, 2014 WL 3421063, at *7 (D.N.M. July 8, 2014)(Browning, J.).

## ANALYSIS

The Court concludes that Montelongo had constructive possession of all four firearms found in the bedroom closet, including the stolen Taurus Ultra-Light, but that Montelongo's firearm possession did not facilitate her methamphetamine possession. The Court concludes, therefore, that both § 2K2.1(b)(1)(A) and § 2K2.1(b)(4)(A) apply, but that U.S.S.G. § 2K2.1(b)(6)(B) does not apply.  The Court will therefore overrule the two enumerated objections, but will sustain the third, unenumerated objection.

Montelongo explicitly objects to the application of U.S.S.G. § 2K2.1(b)(1)(A) and U.S.S.G. § 2K2.1(b)(4)(A), because she asserts that she did not "possess" the firearms found in the bedroom closet.  Objections at 3.  U.S.S.G. § 2K2.1(b)(1)(A) requires a 2-level sentencing enhancement if the offense "involved" between three and seven firearms.  U.S.S.G. § 2K2.1(b)(1)(A).  The commentary to the Guidelines explains that, to determine which firearms were "involved," a court must "count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant

obtained or attempted to obtain by making a false statement to a licensed dealer." U.S.S.G. § 2K2.1, cmt. n.5.  U.S.S.G. § 2K2.1(b)(4)(A) requires a 2-level sentencing enhancement if any firearm was stolen.  See U.S.S.G. § 2K2.1(b)(4)(A).  In the Objections, Montelongo argues that § 2K2.1(b)(1)(A) does not apply, because she did not have "constructive possession" of the firearms, given that she "did not own the residence that multiple illegal firearms were found in," and "did not have the intent to exercise dominion or control over the firearms."  Objections at 3.  Similarly, Montelongo argues that § 2K2.1(b)(4)(A) does not apply, because she "had no contact or possessory interest with this firearm."  Objections at 3.  Last, although Montelongo does not list it as a formal objection, see Objections at 1-16, the United States Probation Office ("USPO"), in the Addendum to the Presentence Report, filed July 6, 2021 (Doc. 55)("Addendum"), notes that even though Montelongo does not "formally object," she "outline[s]" that the PSR applies a 4-level enhancement, because Montelongo's offense was "committed in connection with another offense," Addendum at 2.  See U.S.S.G. § 2K2.1(b)(6)(B).  The Court will consider Montelongo's unenumerated objection in addition to the two enumerated objections.  In the Addendum, the USPO states that, because Montelongo "possessed methamphetamine (actual) in connection with another felony offense,"[3] the PSR "will remain unchanged at this time."  Addendum at 2.

Plaintiff United States of America contends that Montelongo possessed all four firearms found in the residence, including the Taurus Ultra-Light revolver that had been reported stolen. See United States' Response to Defendant's Objections to PSR and Sentencing Memorandum at 3-4, filed June 8, 2021 (Doc. 52)("U.S. Response").  The United States argues that Montelongo

---

[3]This statement misstates the applicability of U.S.S.G. § 2K2.1(b)(6)(B).  Section § 2K2.1(b)(6)(B) applies when the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).

"had the power to exercise dominion and control over all four firearms, as they were located in the home in which she was staying." U.S. Response at 3. The United States asserts that, because all four firearms were "located in the closet of the room in which she acknowledged storing her belongings," Montelongo "also had intent to exercise dominion or control over" them. U.S. Response at 3. The United States also notes that "an individual present during the search warrant execution" told agents that Montelongo had shown him an "'all-black firearm' -- a description matching two of the firearms seized during the search -- and a 'black and gray' firearm." U.S. response at 3-4. With respect to the stolen Taurus Ultra-Light, the United States argues that, because Montelongo does not identify "which of the four firearms she claims to have possessed and offers no evidence distinguishing the firearm she possessed from the other three, which were found in the same location," she "possessed all four firearms," including the Taurus Ultra-Light. U.S. Response at 4. The Addendum also states that the PSR applies properly U.S.S.G. § 2K2.1(b)(6)(B), because Montelongo "possessed 2.87 grams of methamphetamine (actual)." Addendum at 2.

Because Montelongo had constructive possession of all four firearms found in the bedroom closet, including the stolen Taurus Ultra-Light, the Court concludes that both § 2K2.1(b)(1)(A) and § 2K2.1(b)(4)(A) apply. Montelongo at least had constructive possession of all four firearms, because she had the "power and intent to exercise control" over them. United States v. Beierle, 716 F. App'x at 791. Montelongo had been living in the residence for at least two weeks, see PSR ¶ 15, at 5, but her mother admitted that Montelongo had been living there for "years." PSR ¶ 15, at 5. Although Montelongo told the HSI agents that she usually was sleeping in the living room, agents found clothes that likely belonged to her in the bedroom. See PSR ¶ 14, at 5. Agents also found photographs of Montelongo and of her boyfriend, Edgar Jimenez, all over the residence,

including in the bedroom.  See PSR ¶ 14, at 5.  Montelongo told the HSI agents that she knew there was a gun inside the residence.  See PSR ¶ 15, at 5.  Further, the unidentified man who arrived at the residence while the HSI agents were conducting their search said that Montelongo had shown him the guns, meaning she had previously taken them out of the closet to display.  See PSR ¶ 16, at 5.  Finally, as the U.S. Response notes, see U.S. Response at 4, in the Plea Agreement, filed March 9, 2021 (Doc. 45)("Plea"), Montelongo notes that she "knowingly possessed at least one firearm found in the residence," Plea ¶ 10, at 4. HSI Agents found all four firearms in the same location.  See PSR ¶ 12, at 4.  The Court concludes, therefore, by a preponderance of the evidence, that Montelongo constructively possessed all four firearms found in the bedroom closet, because she had "'both power to control'" them and "'intent to exercise that control.'"  United States v. Beierle, 716 F. App'x at 790 (quoting United States v. Little, 829 F.3d at 1182).  As a result, Montelongo's offense "involved" four firearms, including the stolen Taurus Ultra-Light revolver. U.S.S.G § 2K2.1(b)(1)(A).  See U.S.S.G. § 2K2.1(b)(4)(A).

     Finally, the Court concludes that Montelongo's firearm possession was not "in connection with" her possession of 2.87 grams of methamphetamine, because (ii) the HSI agents found firearms in a different room from where the agents found the methamphetamine; and (ii) possessing firearms did not "facilitate" Montelongo's methamphetamine possession.  United States v. Marrufo, 661 F.3d at 1207.  The PSR applies a 4-level enhancement, because Montelongo "used or possessed" a firearm "in connection with another felony offense."  PSR ¶ 29, at 7.  The PSR does not state what that other felony offense is.  See PSR ¶¶ 1-97, at 1-23.  The Addendum, however, asserts that, because Montelongo "possessed 2.87 grams of methamphetamine," she possessed a firearm "in connection with" another felony offense.  Addendum at 2.  The Court finds by a preponderance of the evidence that Montelongo's firearm possession did not "facilitate[], or

[have] the potential to facilitat[e]" her methamphetamine possession. United States v. Marrufo, 661 F.3d at 1207. See United States v. Serna, 405 F. Supp. At 1111-12 (D.N.M. 2019)(Browing, J.). The guns were not in "close proximity" to the 2.87 grams of methamphetamine. United States v. Serna, 405 F. Supp. 3d at 1112. The HSI agents found methamphetamine above the dryer in the laundry room. See PSR ¶ 12, at 4. The four firearms were found in the bedroom closet. See PSR ¶ 12, at 4. Moreover, there is no indication that possessing four firearms made possessing methamphetamine "easier." United States v. Marrufo, 661 F.3d at 1207. There is no evidence that Montelongo was involved in trafficking, so she did not need firearms to protect her drugs. See United States v. Pacheco, No. CR 13-2643 JB, 2014 WL 3421063, at *14 (D.N.M. July 8, 2014)(Browning, J.)(reasoning that § 2K2.1(b)(6)(B) applied where the defendant had a firearm, heroin, and digital scales in his trailer, because the firearm might protect the defendant "and his drug supply"). The Court concludes, therefore, that Montelongo did not possess a firearm "in connection with another felony offense." U.S.S.G § 2K2.1(b)(6)(B).

    **IT IS ORDERED** that the enumerated objections to the application of U.S.S.G. §§ 2K2.1(b)(1)(A) and 2K2.1(b)(4)(A) in the Defendant's Objections to the Presentence Report and Sentencing Memorandum, filed June 1, 2021 (Doc. 50), are overruled, but the unenumerated objection to U.S.S.G. § 2K2.1(b)(6)(B) is sustained.

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Acting United States Attorney
Shana B. Long
  Assistant United States Attorney
United State Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Roman R. Romero
The Romero Law Firm, P.A.
Albuquerque, New Mexico

    *Attorney for the Defendant*